IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARCLAY WHITE SKANSKA, INC., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. RDB 04-3864 |
| BATTELLE MEMORIAL INSTITUTE, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Pending before this Court is the Motion for Reconsideration filed by the Plaintiff, Barclay White Skanska, Inc. ("Barclay" or "Plaintiff"), seeking to have this Court vacate its Order of April 12, 2006, denying the Plaintiff's Motion for Partial Summary Judgment and granting the Motion for Summary Judgment of the Defendant, Battelle Memorial Institute ("Battelle" or "Defendant"), as to Count I.  The Court having previously conducted a hearing on the motions for summary judgment on April 6, 2006, and no new issues having been presented by this Motion, no hearing is necessary as the issues have been fully briefed.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the Plaintiff's Motion for Reconsideration (Paper No. 60) is DENIED.

### BACKGROUND

The factual background and procedural history of this case is described in the Memorandum Opinion issued by this Court on April 12, 2006, and will not be repeated here. *See* Mem. Op. of Apr. 12, 2006 (Paper No. 58.)  In that opinion, this Court granted the Defendant Battelle's Motion for Summary Judgment and denied the Plaintiff Barclay's Motion

for Partial Summary Judgment.

With respect to Count I,[1] this Court ruled that the Defendant Battelle paid the Plaintiff Barclay for work related to change orders 1, 2, and 3.  This Court specifically found that the Plaintiff had not come forward with sufficient probative evidence to overcome summary judgment on its breach of contract claim set forth in Count I, based on alleged nonpayment of change orders.  This Court further held that the letter of the Plaintiff indicating it was "considering" filing a claim did not comply with the established notice provision of the contract.  On April 24, 2006, the Plaintiff filed the subject motion with a memorandum seeking reconsideration of this Court's Order with respect to Count I.  The Plaintiff's memorandum essentially repeated the arguments previously made at the April 6, 2006 hearing and in its earlier submissions to the Court with some additional references to deposition testimony, seeking to support its position that there were material issues of fact in dispute.

## STANDARD OF REVIEW

This Court's Order of April 12, 2006, granting summary judgment in favor of the Defendant on all four counts of the complaint is a final judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.  A motion for reconsideration of such an order shall only be granted under very limited circumstances.  Specifically, it is to be granted only: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error or law or prevent manifest injustice."  *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (citation omitted).  It is not to be permitted when it

---

[1] The Plaintiff has not moved for reconsideration of this Court's entry of summary judgment in favor of the Defendant as to Counts II, III, or IV.

merely seeks reconsideration of legal issues. *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). This Court has previously recognized that a motion for reconsideration (pursuant to Fed. R. Civ. P. 59(e)) is granted only in limited circumstances. *Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002) (quoting *Microbix Biosystems, Inc. v. Biowhittaker, Inc.*, 184 F. Supp. 2d 434, 436 (D. Md. 2000)).

## DISCUSSION

In applying the above standard of review to the subject motion for reconsideration, it is clear that there has been no intervening change in the controlling law. The Plaintiff seeks to provide additional evidence in reference to deposition testimony but does not indicate the prior unavailability of such evidence. Essentially, the basis of the Plaintiff's motion is its reiteration of its legal argument in citing alleged errors of law. The United States Court of Appeals for the Fourth Circuit has specifically noted that a party moving for reconsideration of a prior ruling must show a clear error of law. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). It is a heavy burden which the Plaintiff Barclay fails to meet. Its argument in support of the subject motion is essentially a repetition of arguments previously submitted at a hearing and in its submissions.

The Plaintiff first contends that this Court committed clear error of law by not permitting it to amend its complaint to include claims not previously stated. In short, the Plaintiff seeks to rely upon the liberal pleading rules set forth by the United States Supreme Court in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). However, it is well established that this liberal pleading standard does not permit a plaintiff to raise new claims at the summary judgment stage. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *Tucker v. Union*

3

*of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

The Plaintiff's next allegation of clear error is that this Court incorrectly applied the terms of the contract.  This argument is merely a regurgitation of arguments previously presented.  This Court, after hearing extensive arguments and reviewing the submissions of the parties, found the contractual terms unambiguous and that material facts were undisputed.  The Plaintiff Barclay in the subject motion seeks to supplement previous argument by presenting facts which it alleges would be material with respect to the question of the Defendant Battelle's payment of accounts due and owing under the contract.  However, there is simply no more evidence being presented in the subject motion.  This Court has already determined that change orders 1, 2 and 3 were in fact paid by the Defendant Battelle.  This Court has previously noted that an affidavit summarizing a legal argument has already been presented by Peter Coyle, which does not create a genuine issue of material fact.  *Guinness PLC v. Ward*, 955 F.2d 875, 901 (4th Cir. 1992).

Finally, the Plaintiff seeks this Court's reconsideration of its "delay claim."  It is not clear from the Plaintiff's submission as to how it contends there has been any clear error of law with respect to this Court's ruling.  The Plaintiff does challenge this Court's consideration of the unpublished opinion of the Maryland Court of Special Appeals in *J. Ronald Dashiell & Sons, Inc., v. County Comm'rs of Caroline County* on Feb. 22, 1999, affirmed by *County Comm'rs of Caroline County v. J. Ronald Dashiell & Sons, Inc.,* 747 A.2d 600 (Md. 2000).  As this Court noted in its April 12, 2006 Memorandum Opinion, the Fourth Circuit has held that when a federal court's federal subject matter jurisdiction is based on diversity of citizenship, the Court may consider unpublished state cases interpreting the state law at issue before the federal court.

*See C. F. Trust, Inc. v. First Flight Ltd. Partnership*, 306 F.3d 126, 136 (4th Cir. 2002).  The Plaintiff's motion for reconsideration seeks to cite some significance to the fact that the *C. F. Trust* case arose out of the State of Virginia, and not Maryland.  There is simply no basis for the Court to reconsider its earlier ruling in light of the Plaintiff's arguments with respect to the *Dashiell* opinion.

Accordingly, the Plaintiff's Motion for Reconsideration of this Court's previous Order is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration of this Court's previous Order granting the Defendant's Motion for Summary Judgment on Count I and denying its motion for Partial Summary Judgment is denied.  A separate Order follows.


Dated:   December 26, 2006                                /s/
                                                                          Richard D. Bennett
                                                                          United States District Judge